UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRYMAN, | No. 2:20-cv-1506 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA SUPERIOR COURT, COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted a motion to proceed in forma pauperis that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 8. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

1

1  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

2  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

4  § 1915(b)(2).

5      II.       <u>Statutory Screening of Prisoner Complaints</u>

6        The court is required to screen complaints brought by prisoners seeking relief against a

7  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

9  "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

10  monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

11        A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

12  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

13  Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

14  theories' or whose 'factual contentions are clearly baseless.'"  <u>Jackson v. Arizona</u>, 885 F.2d 639,

15  640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as</u>

16  <u>stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

17  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

18  <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

19        "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

20  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

21  what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550

22  U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

23  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

24  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  <u>Wilhelm v. Rotman</u>,

25  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

26  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

27  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

28  speculative level."  <u>Id.</u> (citations omitted).  "'[T]he pleading must contain something more . . .

1  than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

2  action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal

3  Practice and Procedure § 1216 (3d ed. 2004)).

4      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

5  relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

6  Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

7  content that allows the court to draw the reasonable inference that the defendant is liable for the

8  misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this

9  standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

10 Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the

11 light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.

12 McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

13      III.    Complaint

14      Plaintiff brings the instant action against California State Court, County of Sacramento,

15 and Superior Court Judge Thadd A. Blizzard. ECF No. 1. Plaintiff claims that defendants

16 violated his Fourteenth Amendment due process rights by limiting his access to the court. ECF

17 No. 1 at 3. The complaint alleges as follows. Plaintiff was injured by a metal cell door and filed

18 a tort action in state court that he has had difficulty litigating. Id. at 5. The superior court will

19 not set a date to hear plaintiff's pending motions, and failed to order the prison to allow plaintiff

20 to use the phone for a scheduled appearance. Id. at 5. Plaintiff seeks an injunction or temporary

21 restraining order compelling defendants to conduct the hearings at issue. Id. at 9.

22      IV.    Failure to State a Claim

23      Plaintiff's claims against the State Court are barred by Eleventh Amendment immunity

24 and must therefore be dismissed. Simmons v. Sacramento County Superior Court, 318 F.3d

25 1156, 1161 (9th Cir. 2003) (citations omitted) (claims against state courts under § 1983 are barred

26 by the Eleventh Amendment).

27      Plaintiff's claims against Judge Blizzard are barred by the doctrine of judicial immunity

28 and must be dismissed. Judges are entitled to absolute immunity from damage actions under 42

3

1   U.S.C. § 1983 for judicial acts taken within the jurisdiction of their courts.  Demoran v. Witt, 781

2   F.2d 155, 156 (9th Cir. 1986).  A judge loses immunity for judicial acts only when the judge acts

3   in the clear absence of all jurisdiction or performs an act that is not judicial in nature.  Shucker v.

4   Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988).  The factors relevant in determining whether an

5   act is judicial "relate to the nature of the act itself, i.e., whether it is a function normally

6   performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the

7   judge in his judicial capacity."  Stump v. Sparkman, 435 U.S. 349, 356-57, 362 (1978).

8       The scope of a judge's jurisdiction is construed broadly in the course of analysis of

9   judicial immunity.  Judicial immunity is not lost by allegations that a judge conspired with a third

10  party, acted in error, acted maliciously, or acted in excess of his authority.  As long as the judge's

11  ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity

12  applies.  Stump, 435 U.S. at 356; Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986).

13      The complaint does not support a conclusion that Judge Blizzard acted "in the clear

14  absence of all jurisdiction or perform[ed] an act that [was] not judicial in nature."  Schucker v.

15  Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (explaining judicial immunity doctrine); see also

16  Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996) (judicial immunity extends to declaratory

17  and other equitable relief), superseded by statute on other grounds.  To the contrary, the conduct

18  of Judge Blizzard's that forms the basis of plaintiff's claim is quintessentially judicial in nature.

19  Plaintiff alleges that Judge Blizzard granted plaintiff's request to appear by telephone but failed to

20  issue an order directing the prison to bring plaintiff to the phone so he could take part in the

21  hearing (ECF No. 1 at 5), and that the court will not set a date to hear plaintiff's claims (id.).

22  These are judicial acts within the core of judicial immunity.

23      Moreover, even if the defendants were not entitled to immunity, the court does not have

24  the authority to grant the relief plaintiff seeks.  "The federal courts are without power to issue

25  writs of mandamus to direct state courts or their judicial officers in the performance of their

26  duties."  Clark v. State of Washington, 366 F.2d 678, 681 (9th Cir. 1966) (citations omitted);

27  Demos v. U.S. Dist. Court for the E. Dist. Wash., 925 F.2d 1160, 1161 (9th Cir. 1991) (holding

28  that the "court lack[ed] jurisdiction to issue a writ of mandamus to a state court" where plaintiff

1  sought an order compelling state court to accept his filings).  Petitions that seek "to obtain a writ

2  in this court to compel a state court to take or refrain from some action . . . are frivolous as a

3  matter of law."  <u>Demos</u>, 925 F.2d at 1161-62.

4       For the reasons explained above, the undersigned, finds that defendants have full

5  immunity with respect to the matters alleged in the complaint, and that this court lacks

6  jurisdiction to provide the relief plaintiff seeks.  Given the nature of the alleged conduct at issue,

7  it does not appear possible that plaintiff could allege facts that would support liability.

8       V.     <u>No Leave to Amend</u>

9       Leave to amend should be granted if it appears possible that the defects in the complaint

10  could be corrected, especially if a plaintiff is pro se.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31

11  (9th Cir. 2000) (en banc); <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se

12  litigant must be given leave to amend his or her complaint, and some notice of its deficiencies,

13  unless it is absolutely clear that the deficiencies of the complaint could not be cured by

14  amendment." (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987))).  However, if, after

15  careful consideration, it is clear that a complaint cannot be cured by amendment, the court may

16  dismiss without leave to amend.  <u>Cato</u>, 70 F.3d at 1005-06.

17       The undersigned finds that, as set forth above, the complaint fails to state a claim upon

18  which relief may be granted and that amendment would be futile.  The complaint should therefore

19  be dismissed without leave to amend.

20       VI.    <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

21       Your complaint should be dismissed without leave to amend because even if your claims

22  are true, the state courts and judges of court are immune from a civil suit.  Also, a federal court

23  cannot issue orders to a state court telling it how to handle a case.

24       Accordingly, **IT IS HEREBY ORDERED** that:

25       1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

26       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

27  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

28  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

1  Director of the California Department of Corrections and Rehabilitation filed concurrently

2  herewith.

3        3.  The Clerk of the Court is directed to randomly assign a district judge to this action.

4        **IT IS HEREBY RECOMMENDED** that the complaint be dismissed without leave to

5  amend for failure to state a claim.

6        These findings and recommendations are submitted to the United States District Judge

7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

8  after being served with these findings and recommendations, plaintiff may file written objections

9  with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

10  and Recommendations."  Plaintiff is advised that failure to file objections within the specified

11  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

12  (9th Cir. 1991).

13  DATED: July 31, 2020

14

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6